FILED

2020 Jul-31  PM 01:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| Terinesia Faust- Holden, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Equifax Information Services, LLC, a Georgia limited liability company, | **JURY TRIAL DEMAND** |
| Trans Union, LLC, an Illinois limited liability company, | |
| Synchrony Bank, a foreign corporation, | |
| Capital One Financial Corporation, d/b/a Capital One Bank USA, N.A., a foreign corporation, | |
| Wells Fargo Preferred Capital, Inc., a foreign corporation, | |
| Prosper Marketplace, Inc., a foreign corporation, | |
| Ala Trust Credit Union, a domestic credit union, and | |
| Regions Bank, a domestic corporation, | |
| Defendants. | |

NOW COMES THE PLAINTIFF, TERINESIA FAUST-HOLDEN, BY AND THROUGH COUNSEL, MATTHEW LANDREAU, ESQ., and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the Hoover City, Jefferson County, Alabama.

4. Venue is proper in the Northern District of Alabama, Southern Division.

## PARTIES

5. Plaintiff is a natural person residing in the Hoover City, Jefferson County, Alabama.

6. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the state of Alabama;

b. Trans Union, LLC ("Trans Union") is an Illinois limited liability company that conducts business in the state of Alabama;

c. Synchrony Bank ("SB") is a foreign corporation that conducts business in the state of Alabama;

d. Capital One Financial Corporation, d/b/a Capital One Bank USA, N.A. ("Capital One") is a foreign corporation that conducts business in the state of Alabama;

e. Wells Fargo Preferred Capital, Inc. ("WF/ Preferred") is a foreign corporation that conducts business in the state of Alabama;

f. Prosper Marketplace, Inc. ("Prosper Marketplace") is a foreign corporation that conducts business in the state of Alabama;

g. Ala Trust Credit Union ("Ala Trust") is a domestic credit union that conducts business in the state of Alabama; and

h. Regions Bank ("RB") is a domestic corporation that conducts business in the state of Alabama.

## **GENERAL ALLEGATIONS**

7. SB, Capital One, WF/ Preferred, Prosper Marketplace, Ala Trust and RB (collectively "Furnishers") are inaccurately reporting their Tradelines

("Errant Tradelines") on Plaintiff's Equifax and Trans Union credit files with an erroneous notation of accounts in dispute.

8.  Plaintiff no longer disputes the Errant Tradelines.

9.  On January 29, 2020, Plaintiff obtained her Equifax and Trans Union credit disclosures and noticed the Errant Tradelines reporting with a notation of accounts in dispute.

10. On or about March 19, 2020 Plaintiff submitted a separate letter to Equifax and Trans Union requesting that the credit bureaus remove the notation of accounts in dispute.

11. Equifax and Trans Union forwarded Plaintiff's consumer dispute to the Furnishers. The Furnishers received Plaintiff's consumer dispute from Equifax and Trans Union.

12. Equifax, Trans Union and the Furnishers did not consult the Credit Reporting Resource Guide as part of its investigation of Plaintiff's dispute.

13. On or about April 14, 2020, Plaintiff received TransUnion's investigation result which verified that the reporting of the Errant Tradelines were accurate. On the same month, April 29, 2020, Plaintiff also received Equifax's investigation result which also verified that the reporting of the Errant Tradelines were accurate.

14. Therefore, on May 4, 2020, Plaintiff obtained her Equifax and Trans Union credit disclosure, which showed that Equifax, Trans Union and the Furnishers failed or refused to remove the notation of accounts in dispute.

15. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SB

16. Plaintiff realleges the above paragraphs as if recited verbatim.

17. After being informed by Equifax and Trans Union of Plaintiff's consumer dispute of the erroneous notation, SB negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

18. SB negligently failed to review all relevant information available to it and provided by Equifax and Trans Union in conducting its reinvestigation as

required by 15 USC 1681s-2(b).  Specifically, it failed to direct Equifax and Trans Union to remove the notation of account in dispute.

19. The Errant Tradeline is inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Equifax and Trans Union to which it is reporting such Tradeline.

20. As a direct and proximate cause of SB's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

21. SB is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

22. Plaintiff has a private right of action to assert claims against SB arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant SB for damages, costs, interest, and attorneys' fees.

## <u>COUNT II</u>

## **WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SB**

23. Plaintiff realleges the above paragraphs as if recited verbatim.

24. After being informed by Equifax and Trans Union that Plaintiff disputed the accuracy of the information it was providing, SB willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

25. SB willfully failed to review all relevant information available to it and provided by Equifax and Trans Union as required by 15 USC 1681s-2(b).

26. As a direct and proximate cause of SB willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

27. SB is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that she may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant SB for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE

28. Plaintiff realleges the above paragraphs as if recited verbatim.

29. After being informed by Equifax of Plaintiff's consumer dispute of the erroneous notation, Capital One negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

30. Capital One negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax and to remove the notation of account in dispute.

31. The Errant Tradeline is inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such Tradeline.

32. As a direct and proximate cause of Capital One's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

33. Capital One is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

34. Plaintiff has a private right of action to assert claims against Capital One arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Capital One for damages, costs, interest, and attorneys' fees.

## <u>COUNT IV</u>

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE

35. Plaintiff realleges the above paragraphs as if recited verbatim.

36. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Capital One willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

37. Capital One willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

38. As a direct and proximate cause of Capital One's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

39. Capital One is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that she may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Capital One for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WF/PREFERRED

40. Plaintiff realleges the above paragraphs as if recited verbatim.

41. After being informed by Equifax and Trans Union of Plaintiff's consumer dispute of the erroneous notation, WF/Preferred negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

42. WF/Preferred negligently failed to review all relevant information available to it and provided by Equifax and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Equifax and Trans Union to remove the notation of account in dispute.

43. The Errant Tradeline is inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Equifax and Trans Union to which it is reporting such Tradeline.

44. As a direct and proximate cause of WF/Preferred's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

45. WF/Preferred is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

46. Plaintiff has a private right of action to assert claims against WF/Preferred arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant WF/Preferred for damages, costs, interest, and attorneys' fees.

## <u>COUNT VI</u>

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WF/PREFERRED

47. Plaintiff realleges the above paragraphs as if recited verbatim.

48. After being informed by Equifax and Trans Union that Plaintiff disputed the accuracy of the information it was providing, WF/Preferred willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

49. WF/Preferred willfully failed to review all relevant information available to it and provided by Equifax and Trans Union as required by 15 USC 1681s-2(b).

50. As a direct and proximate cause of WF/Preferred's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

51. WF/Preferred is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that she may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant WF/Preferred for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VII

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PROSPER MARKETPLACE

52. Plaintiff realleges the above paragraphs as if recited verbatim.

53. After being informed by Equifax and Trans Union of Plaintiff's consumer dispute of the erroneous notation, Prosper Marketplace negligently failed to

conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

54. Prosper Marketplace negligently failed to review all relevant information available to it and provided by Equifax and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Equifax and Trans Union to remove the notation of account in dispute.

55. The Errant Tradeline is inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Equifax and Trans Union to which it is reporting such Tradeline.

56. As a direct and proximate cause of Prosper Marketplace's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

57. Prosper Marketplace is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

58. Plaintiff has a private right of action to assert claims against Prosper Marketplace arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Prosper Marketplace for damages, costs, interest, and attorneys' fees.

## COUNT VIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PROSPER MARKETPLACE

59. Plaintiff realleges the above paragraphs as if recited verbatim.

60. After being informed by Equifax and Trans Union that Plaintiff disputed the accuracy of the information it was providing, Prosper Marketplace willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

61. Prosper Marketplace willfully failed to review all relevant information available to it and provided by Equifax and Trans Union as required by 15 USC 1681s-2(b).

62. As a direct and proximate cause of Prosper Marketplace's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

63. Prosper Marketplace is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well

as for reasonable attorneys' fees that she may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Prosper Marketplace for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## <u>COUNT IX</u>

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ALA TRUST

64. Plaintiff realleges the above paragraphs as if recited verbatim.

65. After being informed by Equifax and Trans Union of Plaintiff's consumer dispute of the erroneous notation, Ala Trust negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

66. Ala Trust negligently failed to review all relevant information available to it and provided by Equifax and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax and Trans Union to remove the notation of account in dispute.

67. The Errant Tradeline is inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Equifax and Trans Union to which it is reporting such Tradeline.

68. As a direct and proximate cause of Ala Trust's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

69. Ala Trust is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

70. Plaintiff has a private right of action to assert claims against Ala Trust arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Ala Trust for damages, costs, interest, and attorneys' fees.

## COUNT X

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ALA TRUST

71. Plaintiff realleges the above paragraphs as if recited verbatim.

72. After being informed by Equifax and Trans Union that Plaintiff disputed the accuracy of the information it was providing, Ala Trust willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

73. Ala Trust willfully failed to review all relevant information available to it and provided by Equifax and Trans Union as required by 15 USC 1681s-2(b).

74. As a direct and proximate cause of Ala Trust's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

75. Ala Trust is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that she may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Ala Trust for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT XI

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY RB

76. Plaintiff realleges the above paragraphs as if recited verbatim.

77. After being informed by Equifax and Trans Union of Plaintiff's consumer dispute of the erroneous notation, RB negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

78. RB negligently failed to review all relevant information available to it and provided by Equifax and Trans Union in conducting its reinvestigation as

required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax and Trans Union to remove the notation of account in dispute.

79. The Errant Tradeline is inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Equifax and Trans Union to which it is reporting such Tradeline.

80. As a direct and proximate cause of RB's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

81. RB is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

82. Plaintiff has a private right of action to assert claims against RB arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant RB for damages, costs, interest, and attorneys' fees.

## COUNT XII

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY RB

83. Plaintiff realleges the above paragraphs as if recited verbatim.

84. After being informed by Equifax and Trans Union that Plaintiff disputed the accuracy of the information it was providing, RB willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

85. RB willfully failed to review all relevant information available to it and provided by Equifax and Trans Union as required by 15 USC 1681s-2(b).

86. As a direct and proximate cause of RB's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

87. RB is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that she may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant RB for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT XIII

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY EQUIFAX

88. Plaintiff realleges the above paragraphs as if recited verbatim.

89. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

90. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

91. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

92. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

93. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

94. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT XIV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

95. Plaintiff realleges the above paragraphs as if recited verbatim.

96. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

97. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

98. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

99. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

100. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

101.     Equifax is liable to Plaintiff by reason of its violations of the FCRA in

an amount to be determined by the trier of fact together with her reasonable

attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment

against Defendant Equifax for the greater of statutory or actual damages, plus

punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT XV

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

102.     Plaintiff realleges the above paragraphs as if recited verbatim.

103.     Defendant Trans Union prepared, compiled, issued, assembled,

transferred, published, and otherwise reproduced consumer reports regarding

Plaintiff as that term is defined in 15 USC 1681a.

104.     Such reports contained information about Plaintiff that was false,

misleading, and inaccurate.

105.     Trans Union negligently failed to maintain and/or follow reasonable

procedures to assure maximum possible accuracy of the information it

reported to one or more third parties pertaining to Plaintiff, in violation of 15

USC 1681e(b).

106.      After receiving Plaintiff's consumer dispute to the Errant Tradelines, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

107.      As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

108.      Trans Union is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT XVI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

109.      Plaintiff realleges the above paragraphs as if recited verbatim.

110.      Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

23

111.    Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

112.    Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

113.    After receiving Plaintiff's consumer dispute to the Errant Tradelines, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

114.    As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

115.    Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by Jury.

DATED: July 31, 2020

By: **_/s/ Matthew Landreau_**
Matthew Landreau
Bar Number LANDM4710
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840
E-Mail: matt@crlam.com
*Attorneys for Plaintiff,*
*Teiresias Faust-Holden*